IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IZABELA KOZIK,

       Plaintiff,           ORDER

 v.

                        14-cv-498-jdp

CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

       Defendant.

---

  Plaintiff Izabela Kozik seeks judicial review of a final decision of the Acting Commissioner of Social Security finding her not disabled within the meaning of the Social Security Act. For reasons stated more fully at the oral argument on June 3, 2015, and in light of the parties' supplemental briefing, the court will deny Kozik's motion for summary judgment and affirm the Commissioner's decision.

  Kozik raises several objections to the Commissioner's decision. First, Kozik contends that the ALJ erred by failing to give controlling weight to Dr. Taryn Lawler's opinion on mental limitations. Dr. Lawler was Kozik's treating physician, and she opined in a Mental Capacity Assessment that Kozik's physical limitations would affect her understanding and memory, as well as result in absences and workday interruptions. R. 1648-50.[1] Even though Dr. Lawler is not a mental health professional, the substance of the Mental Capacity Assessment should not be entirely disregarded. But the notion that it should have received *controlling* weight is not persuasive, as plaintiff conceded during oral argument. The ALJ properly considered the 20 C.F.R. § 404.1527(c) factors and explained why he discounted this opinion. R. 32-33. In

---

[1] Record cites are to the Administrative Record. Dkt. 8.

addition, the record shows that Kozik's physical condition improved after surgery and that her reports of pain were the basis of Dr. Lawler's opinion.

Second, Kozik contends that the ALJ erred by failing to obtain a treating source opinion on physical limitations. But the ALJ had before him an ample record in which the gist of Dr. Lawler's opinion (and other physicians' opinions) was readily ascertained. Thus, the ALJ was not required to further develop the record. 20 C.F.R. § 416.920b. In addition, Kozik—who was represented by counsel at the hearing before the ALJ—could have supplemented the record if she thought that it would help to prove her disability.

Third, Kozik contends that the ALJ erred by failing to provide a function-by-function analysis of Kozik's exertional limitations. This argument was not addressed at during oral argument, but "[a]lthough the 'RFC assessment is a function-by-function assessment,' SSR 96–8p, the expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient." *Knox v. Astrue*, 327 F. App'x 652, 657 (7th Cir. 2009).

Fourth, Kozik contends that the ALJ erred in appraising her credibility by failing to discuss certain topics, including her inability to do household chores and her medication. However, the ALJ was not required to address each and every aspect of Kozik's limitations or medical records. *Id*. at 656 ("The ALJ is not required to mention every piece of evidence but must provide an 'accurate and logical bridge' between the evidence and his conclusions.") (citing *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008)).The ALJ conducted an adequate discussion of Kozik's activities of daily living and did not unduly emphasize Kozik's school attendance and completion of a four-year program. As to Kozik's medications and their side effects, the ALJ was not required to make specific findings about her medication; he needed only to support his decision with substantial evidence. Kozik has not pointed to any particular side effect that

would have had a material impact on the ALJ's determination of her limitations. The ALJ appropriately considered Kozik's activities of daily living as evidence that she was able to do more than she testified. R. 30-33. The ALJ did not make the simplistic error of equating intermittent daily activities with the demands of full-time work.

Fifth, Kozik contends that the ALJ erred by failing to support his decision at step five with substantial evidence. The court affirms the ALJ's decision on all other grounds raised by Kozik, but the court's ultimate ruling depends on whether the ALJ properly determined her residual functional capacity (RFC) at step five.

The ALJ determined that Kozik had the RFC to perform sedentary work, except for some restrictions—including that she was limited to frequent balancing, crouching, crawling, and climbing of ladders, ropes, scaffolds, ramps, or stairs. R. 29. This RFC raises the possibility of some rather peculiar sedentary jobs, as one does not typically expect a sedentary job to involve a lot of crouching, crawling, and climbing. Kozik objects that this RFC must be wrong because she would not be able to crouch, crawl, and climb with any regularity. The court asked the parties for supplemental briefs on the issue of whether the ALJ's RFC actually requires that Kozik be able to crouch, crawl, and climb. The briefs were timely filed. Dkt. 27 and Dkt. 28.

The Commissioner contends that the additional limitation is essentially superfluous, because sedentary work as defined in C.F.R. § 404.1567(a) and § 416.967(a) would not ordinarily require crouching, crawling, and climbing. Both § 404.1567(a) and § 416.967(a) provide this definition of sedentary work:

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying

>out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Neither regulatory definition expressly mentions crouching, crawling, and climbing, which under Social Security regulations are *postural* capacities, in contrast to the *exertional* capacities described by sedentary work.

Kozik contends that the RFC should be read to mean that she is capable performing at the exertional level of sedentary work *plus* she has the postural capacity to frequently crouch, crawl, and climb. Dkt. 28, at 1-2. This interpretation is, at best, strained. It would make little sense to start an RFC with sedentary work, which requires only occasional walking and standing, and add to it the requirement that the claimant be able to frequently crouch, crawl, and climb. As explained in SSR 85-15, postural limitations generally have little impact on sedentary work, for which strenuous postural movements like climbing are not generally required. The RFC is not artfully phrased, but it does not mean that Kozik is able to perform jobs that require frequent balancing, crouching, crawling, and climbing of ladders, ropes, scaffolds, ramps, or stairs.

The awkwardness of the phrasing of the RFC is harmless because the VE identified a significant number of sedentary jobs in the national economy that do not require Kozik to crouch, crawl, or climb. *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires [this court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). As the Commissioner's supplemental brief explains, the jobs of appointment clerk, election clerk, and credit checker do not require strenuous postural movements. Dkt. 27, at 7-9. The Commissioner could not definitively point to evidence that the positions of production worker and general office clerk do not involve strenuous postural movements, although if performed at

the sedentary level, it seems unlikely that they would. The court concludes that the RFC does not require strenuous postural movements and that it is supported by substantial evidence.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Izabela Kozik's application for disability benefits is AFFIRMED and plaintiff Izabela Kozik's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered June 26, 2015.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge